952 F.2d 397
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John DOE, Defendant-Appellant.
 No. 90-5366.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1991.
Decided Dec. 26, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge; Claude M. Hilton, District (CR-90-53-A), Judge.
 
 
 1
 J. Herbie DiFonzo, Alexandria, Va., for appellant.
 
 
 2
 Henry E. Hudson, United States Attorney, William G. Otis, Senior Litigation Counsel, Robert J. Krask, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 
 
 3
 E.D.Va.
 
 
 4
 AFFIRMED.
 
 
 5
 Before K.K. HALL, MURNAGHAN and NIEMEYER, Circuit Judges.
 
 OPINION
 PER CURIAM:
 
 6
 John Doe pled guilty in the district court to an indictment charging him with violation of 21 U.S.C.A. §§ 841(a)(1) and 841(b)(1)(A)(ii) (West 1981 & Supp.1991). Pursuant to Fed.R.Crim.P. 11(a)(2) Doe preserved his right to appeal the district court's previous denial of his motion to suppress evidence. For the reasons stated more fully below, we affirm the district court's order denying suppression.
 
 
 7
 An investigator on assignment to the Drug Enforcement Agency observed Doe exiting from a New York flight arriving at Washington National Airport. The agent noticed that Doe was carrying a garment bag which appeared to be empty. The agent began to follow Doe; Doe several times turned to look at the agent, eventually quickening his pace. After leaving the terminal building the agent approached Doe, displayed his credentials, and stated "Excuse me, police officer." Doe looked at the agent, dropped his garment bag, and ran. Doe was eventually apprehended by another officer. A pat-down search of Doe and the abandoned garment bag failed to reveal any contraband. The agent retraced the path of the pursuit and recovered a paper bag, abandoned by Doe, in which were located several plastic bags containing narcotics. Doe was subsequently arrested.
 
 
 8
 Doe moved in the district court to have the narcotics suppressed, arguing that they had been obtained as the result of an illegal seizure. The district court refused to suppress the drugs, holding that the initial encounter between Doe and the agent did not constitute a seizure, and that once Doe took flight the agent had reasonable suspicion to stop him. Doe appeals, arguing that he was seized when the agent initially approached him, that there was never sufficient basis to stop him, and that he had not abandoned the paper bag containing the drugs and it was therefore fruit of an illegal seizure. We granted Doe's motion to submit this case on the briefs.
 
 
 9
 Doe's contention that he was seized either when the agent first approached him and said, "Excuse me, police officer," or subsequently when the agent gave chase, is disposed of by the recent Supreme Court decision in California v. Hodari D., 59 U.S.L.W. 4335 (U.S.1991). Absent an application of physical force, or submission by the suspect, pursuit of a suspect who has failed to yield to a show of police authority does not constitute a seizure. Id. at 4337. The Court in Hodari D. likewise rejected the argument that evidence discarded during the course of a chase can be considered to be fruit of an unlawful seizure. Id.
 
 
 10
 The sole remaining issue is whether Doe's flight, when combined with the other details observed by the agent, was sufficient to authorize his ultimate seizure. We believe that the facts of the present case support the district court's finding that the stop was supported by reasonable, articulable suspicion. See United States v. Haye, 825 F.2d 32 (4th Cir.1987); United States v. Pope, 561 F.2d 663 (6th Cir.1977).
 
 
 11
 Accordingly, the decision of the district court refusing to suppress the narcotics contained in the paper bag is affirmed.
 
 
 12
 AFFIRMED.